UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

CASE No.:

CHAD BEIERLE,

    Plaintiff,

vs.

ORANGE TOWN PUMP, INC.,
d/b/a TOWN PUMP,

    Defendant.
_____/

## COMPLAINT

Plaintiff, CHAD BEIERLE (hereinafter the "Plaintiff"), through undersigned counsel, hereby files this Complaint and sues ORANGE TOWN PUMP, INC., a Montana Corporation, d/b/a TOWN PUMP (hereinafter, the "Defendant"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees), pursuant to 42 U.S.C. §12181, et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with jurisdiction under 28 U.S.C. §1331 and §343.

2.    Venue is proper in this Court, Missoula Division pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in Missoula County, Montana.

3.    At the time of Plaintiff's visit to Defendant's Subject Facilities, prior to instituting he instant action, CHADE BEIERLE (hereinafter referred to as "BEIERLE"), was a resident of

1

the State of Montana, suffered from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, and used a walker(with a seat) for mobility.  Plaintiff has primary lateral sclerosis (PLS) with neuromuscular disorder (a rare, neuromuscular disorder that affects the central motor neurons and is characterized by painless but progressive weakness and stiffness of the muscles of the legs, progressing to affect the arms and muscles at the base of the brain).  He is required to traverse with a walker (with a seat) and is substantially limited to performing one or more major life activities including, but not limited to, walking, standing, grabbing, tight grasping, and/or pinching or twisting of the wrist.

4. The Plaintiff personally visited, on or about July 17, 2019 Defendants' Subject Facilities, but was denied full and equal access to, and full and equal enjoyment of, the facilities services, goods, privileges and accommodations offered within Defendants' Subject Facilities, which is the subject of this lawsuit, even though he would be classified as a "bona fide patron", because of his disabilities.  Plaintiff lives in Missoula County, Montana, in close proximity to Defendant, (within 1.7 miles) and travels in the surrounding areas near Defendant's Subject Facilities on a regular basis.

5. The Defendant, ORANGE TOWN PUMP, INC., a Montana Corporation, is authorized to conduct and is conducting business within the State of Montana.

6. Upon information and belief, ORANGE TOWN PUMP, INC., a Montana Corporation, is the lessee/lessor and/or owner/operator of the real property (the "Subject Facility"), and the owner of the improvements where the Subject Facility is located which is the subject of this action, the establishment commonly referred to as TOWN PUMP located at 318 Orange Street, in Missoula, Montana.

7. All events giving rise to this lawsuit occurred in the State of Montana. Venue is proper in this Court as the premises are located in Missoula County in the Montana District, Missoula Division.

## **COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

8. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

9. Congress found, among other things, that:

   (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

   (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

   (iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

   (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States

>billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

10. Congress explicitly stated that the purpose of the ADA was to:

>(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
>(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
>
>(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2), and (4).

11. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, Defendant is a place of public accommodation in that they are establishments which provide goods and services to the public.

12. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

13. The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone remodeling, repairs and/or alterations since January 26, 1990.

14. Defendant has discriminated, and continues to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendant's Subject Facilities in derogation of 42 U.S.C. §12101, et. seq., and as prohibited by 42

4

U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

15. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all accommodations and services offered at Defendant's Subject Facilities. Prior to the filing of this lawsuit, the Plaintiff visited the subject property and was denied full and safe access to all the benefits, accommodations and services of the Defendant. Prior to the filing of this lawsuit, BEIERLE, personally visited TOWN PUMP located at 318 Orange Street in Missoula, Montana, with the intention of using Defendant's facilities, but was denied full and safe access to the facilities, and therefore suffered an injury in fact. As stated herein, the Plaintiff has visited the Subject Facilities in the past, prior to the filing of this lawsuit, resides near said Subject Facility, and Plaintiff intends to return to the Subject Facility and Property within six months, or sooner, upon the Subject Facility being made accessible. As such, Plaintiff is likely to be subjected to continuing discrimination at the Subject Facility unless it is made readily accessible to and usable by individuals with disabilities to the extent required under the ADA, including the removal of the architectural barrier which remain at the Subject Facility.

16. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $110,000 for the first violation and $150,000 for any subsequent violation.

17. The Defendant's Subject Facilities are in violation of 42 U.S.C. §12182 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiff, as a result of interalia, the following specific violations:

**VIOLATIONS**

a) Failure to provide ADA compliant parking stall at the subject property, in violation of 2010 ADAS and 2015 ABAAS Section 208.2.4.

b) Failure to provide ADA compliant properly designated parking stall width clearance, in violation of 2010 ADAS and 2015 ABAAS Section 502.2.

c) Failure to provide ADA compliant properly designated access aisle, in violation of 2010 ADAS and 2015 ABAAS Section 502.2.

d) Failure to provide ADA compliant parking stall signage, in violation of 2010 ADAS and 2015 ABAAS Section 502.6.

e) Failure to provide ADA compliant parking stall "Van Accessible" signage, in violation of 2010 ADAS and 2015 ABAAS Section 502.6.

f) Failure to provide ADA compliant accessible entry directional and informational signage, in violation of 2010 ADAS and 2015 ABAAS Section 216.6.

g) Failure to provide ADA compliant handrail at the wall side of the stairs located at the main entrance, in violation of 2010 ADAS and 2015 ABAAS Section 505.2.

h) Failure to provide ADA compliant handrail extension at the stairs located at the main entrance, in violation of 2010 ADAS and 2015 ABAAS Section 505.10.3.

i) Failure to provide ADA compliant ramp slope grading, in violation of 2010 ADAS and 2015 ABAAS Section 405.2.

j) Failure to provide ADA compliant handrail on the wall side of the ramp, in violation of 2010 ADAS and 2015 ABAAS Section 505.1.

k) Failure to provide ADA compliant ramp handrail extension, in violation of 2010 ADAS and 2015 ABAAS Section 505.10.1.

l) Failure to provide ADA compliant ramp landing transition, due, in part, to abrupt vertical edge change in elevation, in violation of 2010 ADAS and 2015 ABAAS Section 303.2 and 303.3.

m) Failure to provide ADA compliant exterior pull front approach clearance at the main door entrance, in violation of 2010 ADAS and 2015 ABAAS Section 404.2.4.1.

n) Failure to provide ADA compliant floor mats throughout the subject facility, in violation of 2010 ADAS and 2015 ABAAS Section 302.2.

o) Failure to provide ADA compliant transaction counter height, in violation of 2010 ADAS and 2015 ABAAS Section 904.4.1 and 904.4.2.

p) Failure to provide ADA compliant self-serve counter height, in violation of 2010 ADAS and 2015 ABAAS Section 904.4.1 and 904.4.2.

q) Failure to provide ADA compliant self-serve dispensers reach ranges, in violation of 2010 ADAS and 2015 ABAAS Section 904.4.1 and 904.4.2.

r) Failure to provide ADA compliant point of sale, merchandise, and display reach ranges, in violation of 2010 ADAS and 2015 ABAAS Section 308.1.

s) Failure to provide ADA compliant aisle circulation width clearance throughout the subject facility, in violation of 2010 ADAS and 2015 ABAAS Section 403.5.1.

t) Failure to provide ADA compliant restroom directional and informational signage, in violation of 2010 ADAS and 2015 ABAAS Section 216.8.

u) Failure to provide ADA compliant restroom signage, in violation of 2010 ADAS and 2015 ABAAS Section 216.2.

v) Failure to provide ADA compliant restroom door width clearance, in violation of 2010 ADAS and 2015 ABAAS Section 404.2.3.

w) Failure to provide ADA compliant restroom door hardware, in violation of 2010 ADAS and 2015 ABAAS Section 404.2.7.

x) Failure to provide ADA compliant restroom door locking mechanism, in violation of 2010 ADAS and 2015 ABAAS Section 309.3.

y) Failure to provide ADA compliant restroom door swing direction, in violation of 2010 ADAS and 2015 ABAAS Section 604.8.1.1 and 604.8.1.2.

z) Failure to provide ADA compliant lavatory controls, in violation of 2010 ADAS and 2015 ABAAS Section 606.4.

aa) Failure to provide ADA compliant properly insulated pipes, in violation of 2010 ADAS and 2015 ABAAS Section 606.5.

bb) Failure to provide ADA compliant lavatory to wall width clearance, in violation of 2010 ADAS and 2015 ABAAS Section 606.2.

cc) Failure to provide ADA compliant mirror height, in violation of 2010 ADAS and 2015 ABAAS Section 603.3.

dd) Failure to provide ADA compliant soap dispenser height, in violation of 2010 ADAS and 2015 ABAAS Section 308.2.1.

ee) Failure to provide ADA compliant paper towel dispenser height, in violation of 2010 ADAS and 2015 ABAAS Section 308.2.1.

ff) Failure to provide ADA compliant lavatory underside clearance, in violation of 2010 ADAS and 2015 ABAAS Section 606.2.

gg) Failure to provide ADA compliant lavatory/water closet centerline location, in violation of 2010 ADAS and 2015 ABAAS Section 604.3.2.

hh) Failure to provide ADA toilet clear floor space, in violation of 2010 ADAS and 2015 ABAAS Section 604.3 and 604.3.1.

ii) Failure to provide ADA compliant toilet flushing mechanism location, in violation of 2010 ADAS and 2015 ABAAS Section 604.6.

jj) Failure to provide ADA compliant rear grab bar length, in violation of 2010 ADAS and 2015 ABAAS Section 604.5.2.

kk) Failure to provide ADA compliant side grab bar length, in violation of 2010 ADAS and 2015 ABAAS Section 604.5.1.

ll) Failure to provide ADA compliant toilet paper location, in violation of 2010 ADAS and 2015 ABAAS Section 604.7.

mm) Failure to provide ADA compliant, route of travel within the restroom, in violation of 2010 ADAS and 2015 ABAAS Section 307.3.

nn) Failure to provide ADA compliant, unobstructed, restroom clear floor space, in violation of 2010 ADAS and 2015 ABAAS Section 603.2.1.

18. Upon information and belief, there are other current violations of the ADA at Defendant's Property, and only once a full inspection is done can all said violations be identified.

19. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA. The barriers to access at the Subject Facilities, as described above, have

severely diminished Plaintiff's ability to avail himself of the goods and services offered at the Subject Facilities, and compromise his safety.

20. Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, the Defendant was required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendant has failed to comply with this mandate.

21. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. §12205.

22. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA and closing the subject facility until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendant and the Court declare that the subject property and Subject Facilities owned, operated, leased, controlled and/or administered by the Defendant is violative of the ADA;

A. The Court enter an Order requiring the Defendant to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

B. The Court enter an Order directing the Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the Subject Facility;

C. The Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

D. The Court award such other and further relief as it deems necessary, just and proper.

Dated: This 7th day of August 2019.

           Respectfully submitted,

           By: /S/M. William Judnich
           M. William Judnich
           Attorney for Plaintiff
           Bar Number #6575
           Enabled Law Group
           501 S. Russell Street
           Missoula, Montana 59801
           Telephone: 406.215.2340
           Email: MJ@Enabledlawgroup.com